David G. BORETTI, Plaintiff–Appellant,

v.

Beverly A. WISCOMB, R.N., Wanda M. Baldwin, R.N., Defendants–Appellees.

No. 90–1427.

United States Court of Appeals, Sixth Circuit.

Submitted March 21, 1991.

Decided April 15, 1991.

---

David G. Boretti, pro. se.

John H. Dise, Jr., Craig, Farber, Downs & Dise, Detroit, Mich., for defendants-appellees.

Before KEITH and MARTIN, Circuit Judges and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

The pro se plaintiff-appellant, David G. Boretti, appeals the district court's grant of summary judgment to defendant-appellee, Beverly A. Wiscomb, R.N., a nurse at the Oakland County Jail where plaintiff was incarcerated, in this 42 U.S.C. § 1983 suit for a violation of the Eighth Amendment's cruel and unusual punishment clause.[1]

### I.

This is a prisoner civil rights suit in which the pro se plaintiff David G. Boretti, a state prisoner, alleges that he was denied medical care during the time that he was housed in a holding cell at the Oakland County Jail in Pontiac, Michigan from December 30, 1987 until January 4, 1988. Plaintiff received a gunshot wound to his left thigh about three weeks before he was transferred to the jail on December 30. On December 12, 1987, he was hospitalized at Botsford Hospital for this leg wound, which was incurred while he was an escap-

ee. At Botsford Hospital, he underwent surgery for the gunshot wound. The doctors informed him that the surgery could have failed and resulted in amputation of his leg. After surgery, he was transferred to Jackson Prison. At Jackson, he was treated at the infirmary, was discharged, and was sent back to his cell block on December 26, 1987.

The discharge instructions on his medical record from the Jackson infirmary reads as follows:

12–26–87: Discharge instructions for medical record. Pt. discharged from DWH following s/p care for GSW L thigh. Discharge instructions include:
1. Regular diet
2. Drsg csg daily (2x2's)
3. Shower
4. Ambulate to crutches
5. Motrin 800 mg po tid prd × 2 weeks
6. Follow w/ Dr. Brown internal med clinic in 1 week.

On December 30, 1987, plaintiff was transferred to the Oakland County Jail, where he was placed in a holding cell. The incidents of which plaintiff complains took place between December 30, 1987 and January 4, 1988. Plaintiff alleges in his complaint the following:

At approximately 2 p.m. on the afternoon of December 30, 1987, plaintiff was booked at the Oakland County Jail and notified the booking deputies of his medical needs for treatment of the wound and pain medication. The deputies then informed him that they had called the infirmary and told the infirmary about his medical needs for bandage changes for the wound and that he had requested medication for pain. On the afternoon of December 30, 1987, defendant Wiscomb, a nurse at the jail, was notified by the officer at booking that plaintiff had been moved from the booking area to a holding cell on R–2. The holding cells had no beds and plaintiff was forced

---

**1.** Wanda M. Baldwin, R.N., also was named in plaintiff's complaint. The district court dismissed the suit against defendant Baldwin for lack of service of process. Plaintiff-appellant Boretti does not contest this dismissal on ap-

peal. Therefore, an appeal in regard to defendant Baldwin is not before the court. *See McMurphy v. City of Flushing,* 802 F.2d 191, 198–99 (6th Cir.1986).

to sleep on the cement floor. Plaintiff was given no dressings for the wound. His crutches were taken away at booking, but since the holding cells were so small, plaintiff did not think he would require them while there.

Four hours later, defendant Wiscomb made her medical rounds to the holding cells of R–2. At this time, plaintiff was on the floor of the cell. With much effort, he went to the cell door to talk with the defendant and restated his medical requirements for treatment of the wound and medication for pain. Plaintiff alleges that he emphasized that his left thigh was hurting severely and that the bandages were filthy. Defendant Wiscomb, upon hearing his statement, informed plaintiff that she had no intention of contacting the doctor and that he could see the doctor in five days and then walked away.

On December 30, 1987, defendant Wiscomb made a second medical round to the holding cells area at approximately 8 p.m. Plaintiff requested that she take a look at his leg and informed her that he had to resort to using toilet tissue with soap and water to clean the wound area. He attempted to show her the necessity of clean bandages and requested medication for the severe pain he was experiencing. Defendant Wiscomb responded that she was busy passing out medication and that she did not have time for him and could not be bothered with his petty excuses.

On the morning of December 31, 1987, plaintiff again sought medical attention from the day shift nurse on duty. Plaintiff alleges he relayed a message through the roving deputy, who came by on his rounds to check on the inmates in the holding cells, and that defendant Wanda M. Baldwin, R.N., was given the message as she began her morning rounds with medication for the prisoners. While she stopped to issue medication to an inmate, plaintiff again requested bandages and medication and asked to be transferred to another cell location where he would not have to sleep on the floor. He told nurse Baldwin that the coldness of the floor was increasing the severity of his leg pain. The nurse stated

that she knew all about him, that at the moment she did not have any time for him, that she was not going to disturb the doctor over the holiday week-end, and that plaintiff would just have to make do until Tuesday when the doctor came in. Plaintiff alleged he had another inmate hand nurse Baldwin a sick call slip later in the day, but it never got to the infirmary.

There are two sick call slips in the record, which plaintiff states are in his handwriting, which indicate that on 12/30/87 and 1/2/88 he complained of swelling and pain and asked for pain medication. There is also a sick call slip in the record issued on 12/30/87, which plaintiff alleges indicates that his wound was red, swollen, draining, and the suture was ruined. Plaintiff alleges that this slip is in defendant Wiscomb's handwriting.

In his complaint, plaintiff alleges that while he was in the holding cell from December 30, 1987 through January 4, 1988, defendants Wiscomb and Baldwin refused to provide him with dressings for his wound or to change the dressing on his wound, refused to offer him any treatment for his wound, and refused to give him his prescribed pain medication. He alleges their conduct interrupted the treatment plan prescribed by his treating physician at the Jackson infirmary. Plaintiff alleged that as a result of defendants' violation of their responsibilities, he sustained severe pain and was forced to dress his wound with toilet paper, soap, and water in order to keep it from becoming infected and that he feared the possibility of losing his left leg because of the pain and lack of treatment.

On January 4, 1988, the first business day following the New Year's holiday, plaintiff was seen by the medical staff at the jail, who called the Jackson jail infirmary for confirmation of his pain medication of motrin and inspected his wound. After contacting Jackson to verify his medication of motrin, he was given motrin as previously prescribed. The wound had not become infected and healed normally.

Plaintiff filed this civil action in the United States District Court for the Eastern

District of Michigan on August 10, 1989, naming Beverly A. Wiscomb, R.N., and Wanda M. Baldwin, R.N., as defendants in this 42 U.S.C. § 1983 suit. Defendant Baldwin, who apparently has changed jobs since the incident, never received service of process as plaintiff was unable to obtain a correct address for her. Defendant Wiscomb filed a motion for summary judgment.

The district court referred the case to a United States magistrate who recommended that defendant Baldwin be dismissed pursuant to Fed.R.Civ.P., Rule 4, for lack of service. On January 30, 1990, the magistrate also recommended that defendant Wiscomb's motion for summary judgment be granted. The district court accepted the magistrate's report and recommendation by a final order of February 23, 1990, which was entered on February 26, 1990. Plaintiff's notice of appeal was received in this court on March 27, 1990. However, the appeal was not entered on the docket until April 3, 1990. Defendant Wiscomb filed a motion to dismiss the appeal for lack of jurisdiction because of a late notice of appeal. The motion to dismiss was denied by this court by order on June 19, 1990, because it was deemed that the notice of appeal was filed on March 27, 1990 within thirty days of entry of judgment as provided by Fed.R.App.P. 4(a)(1).

## II.

This court must decide whether plaintiff Boretti sufficiently stated a claim that defendant Wiscomb exhibited deliberate indifference to a serious medical need in violation of the Eighth Amendment's cruel and unusual punishment clause.[2]

The Supreme Court has articulated the standard by which to judge whether a prisoner's medical treatment is in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical "torture or a lingering death," the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that "it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself."

We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle v. Gamble*, 429 U.S. 97, 103–05, 97 S.Ct. 285, 290–91, 50 L.Ed.2d 251 (1976) (footnotes and citations omitted).

The Court distinguished "deliberate indifference to serious medical needs" from an inadvertent failure to provide adequate medical care, which does not constitute cruel and unusual punishment for purposes of the Eighth Amendment. *Id.* at 105, 97 S.Ct. at 291. Although "an express intent to inflict unnecessary pain is not required," *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986), "obduracy and wantonness" are indications of deliberate indifference.

To be cruel and unusual punishment, conduct that does not purport to be punish-

---

**2.** Plaintiff also alleges that defendant refused to participate in discovery. However, in district court plaintiff did not apply for an order compelling discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. Moreover, in his brief plaintiff fails to give specific examples of the way in which the discovery process was abused.

ment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. This reading of the Clause underlies our decision in *Estelle v. Gamble, supra,* [429 U.S.] at 105–106 [97 S.Ct. at 291–92], which held that a prison physician's "negligen[ce] in diagnosing or treating a medical condition" did not suffice to make out a claim of cruel and unusual punishment. It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.

*Id.*

■ Plaintiff argues that the magistrate's report and recommendation, which the district court adopted, merely states that the prison had developed an ongoing medical plan for the treatment of plaintiff's wound that did not result in harm to the wound as it healed without infection, and fails to address the specific conduct of which plaintiff complains—the refusal to treat the wound for five days or to provide dressings or pain medication. We agree with plaintiff that the magistrate's report ignores the alleged lack of medical care which plaintiff experienced for five days over the New Year's holiday. Although the district court adopted the magistrate's recommendation and dismissed the case on summary judgment grounds, in essence, the court stated that plaintiff failed to state a claim for a constitutional deprivation under the Eighth Amendment because the wound adequately healed.

We disagree with this conclusion and find that plaintiff adequately states a claim of "deliberate indifference to serious medical needs." Plaintiff contends that after several direct requests and after a sick call slip was sent to the infirmary, defendant Wiscomb allegedly refused to look at plaintiff's wound or to change the dressing or to give him materials to change the dressing. Whether or not the dressing for the wound needed changing is disputed by the parties. However, the fact that the wound healed is not dispositive of this issue as plaintiff alleges that he was forced to come up with a makeshift dressing. In *Estelle,* the Supreme Court specifically indicated that interruption of a prescribed plan of treatment could constitute a constitutional violation. 429 U.S. at 105, 97 S.Ct. at 291. In the present case, the district court stated that no constitutional violation occurred because a medical plan for the care of the wound had been developed and the wound healed successfully. However, the district court failed to take into account that defendant Wiscomb allegedly refused to carry out that plan by failing to change the dressing on the wound daily. The district court uses the fact that plaintiff used soap, toilet tissue, and water to keep the wound from getting infected as an indication of the lack of need for care. To the contrary, we believe the fact that plaintiff was forced to resort to such measures is "inconsistent with contemporary standards of common decency." *Estelle,* 429 U.S. at 103, 97 S.Ct. at 290; *Byrd v. Wilson,* 701 F.2d 592, 594–95 (6th Cir.1983).

Defendant Wiscomb also allegedly refused to give plaintiff his pain medication. Although it is not clear from the record whether plaintiff's discharge instructions of December 26, 1987 from the Jackson jail infirmary had been transferred to the Oakland County Jail, the record indicates that on January 4, 1988, it took one phone call to the Jackson jail infirmary to confirm that motrin had been prescribed for pain on December 26, 1987 for the next two weeks. We do not believe one phone call to the Jackson jail infirmary to confirm plaintiff's pain medication is too difficult a task for a nurse to perform or beyond her scope of authority. Just because it was a holiday weekend does not relieve the nurse of her duty to respond if plaintiff Boretti was in severe pain as he alleges.

The fact that the wound did not become infected and healed properly does not indicate that plaintiff did not endure physical pain and mental anguish during the time he was denied any dressings for the wound or pain medication. This court has indicated that such suffering may constitute cruel and unusual punishment within the meaning of the Eighth Amendment. In *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir. 1976), this court held that a prisoner who

suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering. The Supreme Court in *Estelle* cited *Westlake* and stated that the unnecessary suffering which results from a denial of medical care is inconsistent with contemporary standards of decency. 429 U.S. at 103, 97 S.Ct. at 290. In the present case, plaintiff has alleged this type of suffering, and the record indicates that relief was readily available.

Defendant Wiscomb argues that because the wound healed, plaintiff did not suffer an actual injury. However, in *Parrish v. Johnson*, 800 F.2d 600, 610 (6th Cir.1986), this court held that an actual injury is not a necessary predicate to receiving damages for an Eighth Amendment violation. Therefore, the fact that in the present case plaintiff's wound did not become infected and healed is not a bar to recovery. The type of deprivation and degradation plaintiff Boretti allegedly experienced is similar to that experienced by the plaintiffs in *Parrish*. In *Parrish*, one plaintiff was a paraplegic who had diminished control over bladder and bowel functions, and due to intentional neglect on the part of prison personnel, was forced to sit in his own feces for several hours. The other plaintiff had the limited physical ability to clean himself but was not supplied with anything with which to clean himself or with inadequate means. *Id.* at 602–03. The district court in *Parrish* found that the plaintiffs were entitled to only nominal damages because the injuries were not "lasting or severe." *Id.* at 603. This court reversed, stating that in *Shannon v. Lester*, 519 F.2d 76 (6th Cir.1975), "[W]e held that a plaintiff may recover for any injury caused by the delay in care and *any concomitant pain, suffering, or mental anguish.*" *Id.* at 611 (emphasis added). The *Parrish* court reasoned that although *Shannon* was based on the Fourteenth Amendment, its principles are equally applicable to Eighth Amendment claims. *Id.* In the present case, plaintiff alleges that he suffered pain and mental anguish from the delay in care. For these reasons, we believe plaintiff has adequately stated a claim of a violation of the Eighth Amendment for which he could recover damages.

### III.

■ Even though we find that plaintiff has stated a constitutional claim, we must still determine whether the district court erred in granting defendant Wiscomb's motion for summary judgment. In a motion for summary judgment, the burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The only evidence which defendant Wiscomb supplies in her motion for summary judgment are her statements that because the wound was not infected, it did not need treatment, and that she used her professional judgment in determining that plaintiff's wound had been properly attended to by his physician and could wait to be checked. We don't believe that in the circumstances of the present case, these statements are sufficient to establish that there is an absence of evidence to support plaintiff's case.

On the contrary, we believe the district court erroneously granted summary judgment because material facts remain in dispute. For example, plaintiff alleges that the dressing on his wound was filthy upon arriving at Oakland County Jail and during transit, the "weep hole, left from where the Pen Rose dressing (½ dia. tube) had been inserted into the thigh through the bullet wound had broke[n] open." Plaintiff has provided evidence that defendant Wiscomb was on duty on the dates in question (Joint Appendix, Exhibit 5), and alleges that defendant Wiscomb filled out the sick call slip of 12/30/87 (Joint Appendix, Exhibit 2), which allegedly states:

Shot—leg thigh 2 wk ago

Red-swol-draining,

Writ from Jackson

Suture have been ruined

  Drsg.

An issue of material fact remains whether defendant Wiscomb filled out this slip or not and whether the wound deserved medi-

cal attention after the transfer. Daily dressing changes had been prescribed. An issue of material fact remains whether defendant Wiscomb wantonly interrupted a prescribed plan of treatment.

Plaintiff also provides evidence that he sent two sick call requests about the wound to the infirmary, one on 12/30/87 and one on 1/2/88 (Joint Appendix, Exhibit 1). The record indicates that motrin had been prescribed by the doctor at the Jackson infirmary for the two weeks following December 26, 1990 and that the wound was to receive daily dressing changes. The classification interview and intake assessment forms which were filled out upon plaintiff's arrival at Oakland indicate that plaintiff was suffering from a leg wound and was to be given Tylenol # 3 every four hours. The record also indicates that on January 4, 1988, medical personnel at Oakland called Jackson Prison for confirmation of the prescription of motrin and plaintiff was then given the prescribed medication. We believe that this evidence presents an issue of material fact whether defendant Wiscomb violated her duty in refusing to dress the wound or provide pain medication. Defendant Wiscomb's statement that in her judgment the wound did not need attention does not resolve this issue. For these reasons, we find defendant Wiscomb has failed to carry her "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial." *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987). Therefore, the district court's grant of summary judgment should be reversed unless defendant is protected by the doctrine of qualified immunity.

### IV.

■ We must finally decide whether defendant Wiscomb is protected by the doctrine of qualified immunity.

Generally, officials who perform discretionary functions have at least qualified immunity from individual liability for damages that have resulted from the exercise of their discretionary functions. *See Davis v. Holly,* 835 F.2d 1175, 1178 (6th Cir.1987). However, in the present case, it is disputed whether the functions which defendant Wiscomb failed to perform are discretionary or ministerial. Because daily dressing changes and pain medication were prescribed for two weeks, the nurse allegedly had a duty to administer the prescription. Complying with a doctor's prescription or treatment plan is a ministerial function, not a discretionary one. *See Estate of Burks v. Ross,* 438 F.2d 230, 235 (6th Cir.1971). For this reason, we don't believe defendant Wiscomb's motion for summary judgment should be granted on the basis of qualified immunity.

### V.

To conclude, the district court's grant of summary judgment to defendant Wiscomb is hereby REVERSED and the case is remanded to the district court for proceedings consistent with this opinion.