985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HERMAN, Plaintiff-Appellant,
v.
Harold TAYLOR, Jailer; Bob Edge, Assistant Jailer,
Defendants-Appellees.
 No. 92-6062.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 William Herman, a pro se Kentucky prisoner, appeals a district court judgment granting summary judgment for the defendants in his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, William Herman sued the Jailer (Taylor) and Assistant Jailer (Edge) of the Daviess County Detention Center. Alleging that the defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment, Herman asserted that the defendants were deliberately indifferent to his serious medical needs because they did not provide him with medical attention for a period of more than two months and they ultimately did not provide him with adequate medical treatment.
 
 
 3
 The defendants filed a motion for summary judgment, arguing that plaintiff was provided with adequate medical treatment. Plaintiff responded, arguing that the defendants' motion for summary judgment did not represent the actual sequence of events that occurred while plaintiff was housed at Daviess. Plaintiff also argued that the defendants' attorney took his deposition without permission from the court and he was coerced into giving his deposition without a legal assistant present. Over Herman's objections, the district court adopted the magistrate judge's report and recommendation and granted summary judgment for the defendants. Thereafter, the plaintiff filed this timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment only as to plaintiff's claim that he did not ultimately receive adequate medical treatment. There was no genuine issue of material fact and the defendants were entitled to judgment on this claim as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Plaintiff was not entitled to relief on this claim as he was essentially expressing a disagreement regarding the treatment that he did ultimately receive. See Westlake v. Lucas, 537 F.2d 857, 860-61 (6th Cir.1976).
 
 
 5
 The defendants were not entitled to summary judgment, however, on plaintiff's claim that the defendants delayed treating him for two months after plaintiff first sought treatment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Boretti v. Wiscomb, 930 F.2d 1150, 1151-52 (6th Cir.1991). The defendants obviously did not meet their initial burden, as the moving parties, to prove entitlement to summary judgment on this claim because they only addressed the plaintiff's inadequacy of treatment claim in their summary judgment motion. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 247 (6th Cir.1991).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed as to plaintiff's inadequacy of treatment claim, but vacated and remanded for further proceedings regarding his claim of delay of treatment. Rule 9(b)(3), Rules of the Sixth Circuit.