1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Davis G. BORETTI, Plaintiff-Appellant,
v.
Beverly A. WISCOMB, R.N., Defendant-Appellee,
Wanda N. Baldwin, R.N., Defendant.
 No. 92-2203.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1993.
 
 E.D.Mich., No. 89-72368; Friedman, J.
 E.D.Mich. [APPEAL AFTER REMAND FROM 930 F.2D 1150].
 REVERSED AND REMANDED.
 
 ORDER
 
 1
 David G. Boretti, a federal prisoner, appeals a district court judgment dismissing his complaint on the grounds that defendant-appellee, Beverly A. Wiscomb, R.N. is protected by the doctrine of qualified immunity. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 This is defendant Boretti's second appeal before this court. This action first came before this court in Boretti v. Wiscomb, 930 F.2d 1150 (6th Cir.1991) (re hearing en banc denied), in which this court reversed the district court's grant of summary judgment to defendant-appellee, Beverly A. Wiscomb, R.N., because it found that there were material facts which remained in dispute and because the court concluded that summary judgment was not properly granted on the grounds of qualified immunity. The case was remanded to the district court for further proceedings.
 
 
 3
 Upon remand, defendant again moved for summary judgment, once more asserting her claim to qualified immunity. The magistrate judge recommended granting the motion for summary judgment on qualified immunity grounds, the district court approved and granted judgment accordingly, and this appeal followed.
 
 
 4
 The magistrate's report and recommendation acknowledges that this court in its prior published opinion held that defendant was not protected by the doctrine of qualified immunity because a nurse's compliance with a doctor's prescription is a ministerial function, not a discretionary one. The magistrate believed, however, that she was not bound by this determination because on remand the supplemented record indicated a change in facts and because there had been an intervening change in controlling law. See Cale v. Johnson, 861 F.2d 943, 947 (6th Cir.1988). We disagree.
 
 
 5
 In our prior opinion, this panel found that plaintiff Boretti had been transferred to the Oakland County jail after being treated at the Duane Walters Hospital at Jackson Prison for a gunshot wound to the leg with discharge instructions that the dressings on the wound be changed daily and a prescription for motrin to be given for two weeks, that defendant alleged that although he had repeatedly requested the prescribed pain medication and bandage changes for his wound, defendant Wiscomb had refused for five days to give any medical attention to his wound.
 
 
 6
 On remand, the magistrate conducted discovery and concluded that the nurse's duties were not ministerial, because she was not under the supervision of plaintiff's doctor at Jackson Prison, a part of the Michigan Department of Correction ("MDOC"), and because she had "independent triage authority" at the Oakland jail and was not employed by the MDOC, but rather by Oakland County. We do not find that these supplemental facts permit a reversal of our former decision.
 
 
 7
 Our prior opinion indicated that the physicians employed by the Oakland County jail were not on duty during the five days defendant allegedly received no treatment for his wound from defendant Wiscomb, because it was the New Year's holiday. Even though defendant Wiscomb was not employed by the Jackson prison which had issued defendant's prescription and discharge instructions, we do not believe she had the discretion to ignore them.
 
 
 8
 On remand defendant alleged that Boretti arrived at the Oakland County jail without any prescriptions for medication or a treatment plan and refers to defendant's exhibit A, Joint Appendix p. 84, in support of this argument. To the contrary, in defendant's exhibit A, the question "Continue prescribed medicine" is answered Y (as opposed to N). Thus, it is clear that the medical staff of the Oakland County infirmary was on notice that defendant had a prescription even if defendant inadvertently arrived at the prison without it. The magistrate's determination that plaintiff arrived at the Oakland County jail with no prescribed treatment plan is clearly erroneous. The form states: "Motrin med/hospital for gunshot wound." The form also indicates that plaintiff's medication was not there and that the dosage was unknown. However, in our prior opinion, we stated that although it was not clear from the record whether plaintiff's discharge instructions from the Jackson Prison Hospital had been transferred to the Oakland County jail, the record indicates that when the physicians returned after the holiday weekend, it took only one phone call to the Jackson Prison Hospital to confirm Boretti's treatment plan. It is disputed whether defendant Wiscomb either negligently or out of willful deliberate indifference failed to do so, but this cannot be decided on a motion for summary judgment on qualified immunity grounds. We find nothing in the supplemented record to alter this conclusion.
 
 
 9
 In addition the record contains a sick call slip that defendant Wiscomb concedes she filled out indicating that defendant had a gunshot wound that was red, swollen and draining with the suture ruined. Joint Appendix, pp. 245, 292. The nursing staff was informed by plaintiff that the dressing for his wound was to be changed daily. If defendant doubted plaintiff's credibility about the treatment or whether such treatment had been previously ordered, again she need only have made one phone call to confirm the treatment plan. Moreover, plaintiff is alleging that defendant refused to even examine his wound. Because the intake form indicated that plaintiff had such a wound, defendant was allegedly informed by plaintiff that daily dressing changes had been prescribed, and the sick call slip indicated the wound was red, swollen and draining with the suture ruined, we do not believe that defendant Wiscomb had the discretion to refuse to attend to the wound when one telephone call to the transferring hospital would have confirmed that the wound required daily dressing changes.
 
 
 10
 The magistrate's report states that the nurse had the discretion to determine whether plaintiff's condition needed emergency attention, citing cases which hold that a delay in treatment does not constitute deliberate indifference to a serious medical need. However, in the present case, plaintiff was not requesting emergency treatment, but merely his prescribed treatment. The issue in this case, as our prior opinion indicates, does not concern a delay in treatment, but an alleged willful refusal by a nurse to follow a patient's prescribed treatment. We do not agree with the magistrate's conclusion that because the nurse was not employed by the Jackson prison and not under the supervision of plaintiff's doctor there that she had the discretion to ignore or fail to confirm upon request the treatment plan prescribed for Boretti upon transferral from the Jackson prison, but was at liberty to develop her own treatment plan. The treatment plan required no independent judgment on her part and required only the administration of ministerial duties, changing dressings on a wound and giving prescribed medication. Accordingly, we find no change in facts to warrant the reversal of our former judgment in regard to qualified immunity.
 
 
 11
 We also find that there has been no change in intervening law to warrant reversal of our prior judgment. The magistrate relies on Rich v. City of Mayfield Heights, 955 F.2d 1092 (6th Cir.1992). However, Rich dealt with a discretionary function--whether a pretrial detainee should be cut down by police officers when discovered hanging in a jail cell. In contrast, the present case deals with a ministerial function--the administration of a prescribed treatment plan. For this reason, we find there has been no intervening change in the law to warrant reversal of our former opinion. Defendant Wiscomb is not protected by the doctrine of qualified immunity because plaintiff alleges a willful failure to follow a prescribed treatment plan which consisted of ministerial, rather than discretionary, duties. Davis v. Holly, 835 F.2d 1175, 1178 (6th Cir.1987). (Only officials performing discretionary, as opposed to ministerial functions are entitled to qualified immunity from suit.)
 
 
 12
 Accordingly, we reverse the district court's judgment and remand for proceedings consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.