4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph E. SEXTON, Plaintiff-Appellant,
v.
Stephen T. SMITH; Laura Hardman; Doris Powell, Nurse,
Defendants-Appellees.
 No. 93-5035.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 W.D.Ky., No. 91-00781; Johnstone, J.
 W.D.Ky.
 AFFIRMED.
 BEFORE: MERRITT, Chief Judge; BOGGS, Circuit Judge, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph E. Sexton, pro se, appeals a district court order granting summary judgment to the defendants in this civil rights case filed under 42 U.S.C. Sec. 1983. The defendants include the warden at the Luther Luckett Correctional Complex in LaGrange, Kentucky, the Food Service Coordinator for special diets for that facility and a registered nurse employed there.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Sexton alleged that the defendants subjected him to cruel and unusual punishment by failing to recognize that certain behavior for which he was disciplined was actually caused by his diabetes. Sexton argued that Hardman and the other defendants caused him to be disciplined for erratic behavior on May 14, 1991, rather than attending to his medical need.
 
 
 4
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 To constitute an Eighth Amendment violation, a prisoner must show that the defendants exhibited deliberate indifference to a serious medical need in order to establish cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976); Boretti v. Wiscomb, 930 F.2d 1150, 1153 (6th Cir.1991). The Supreme Court has distinguished "deliberate indifference to serious medical needs" from inadvertent failure to provide adequate medical care. The latter does not constitute cruel and unusual punishment for purposes of the Eighth Amendment. Estelle, 429 U.S. at 105; Boretti, 930 F.2d at 1153.
 
 
 6
 At best, Sexton has made out a claim of negligence and misdiagnosis of treatment on one isolated occasion, which act does not state a claim of medical mistreatment actionable under the Eighth Amendment. Byrd v. Wilson, 701 F.2d 592, 595 n. 2 (6th Cir.1983) (per curiam). The record shows that the prison physician has prescribed a special diabetic diet for Sexton, which diet has been prepared for him on a regular basis. Sexton has also received regular prescribed insulin injections, regular monitoring of blood sugars, and counseling about his illness. This prisoner has used the Luther Luckett medical facilities for his special needs on approximately 35 visits since being received into that complex in February 1991. Immediately after the May 14, 1991, incident, Sexton was seen by a nurse at the prison facility and given further counseling and advice regarding his diet. Based on these facts, it cannot be said that the defendants have acted with deliberate indifference to Sexton's medical need.
 
 
 7
 Accordingly, the district court's order granting the defendants summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.