23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Phillip G. TATE, Plaintiff-Appellant,
v.
Ernest E. WILLIAMS; Dennis A. Baker; Carl Giles; Michael
Margino, Defendants-Appellees.
 No. 93-4152.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1994.
 
 Before: MILBURN and GUY, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Phillip G. Tate, pro se, appeals from a district court order granting the defendants summary judgment in this prisoner civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, filed under 42 U.S.C. Sec. 1983, Tate alleged that the defendants subjected him to cruel and unusual punishment by: 1) providing inadequate outdoor attire; 2) requiring him to wear unsanitary, blood-spattered tennis shoes "worn by hundreds of other prisoners" causing him to contract a rash on his right leg and foot; and 3) denying him the right to participate in the prison's formal grievance procedure to resolve these and other complaints about the prison conditions at the Mansfield Correctional Institution (MANCI).
 
 
 3
 In support of his claim enumerated as one, above, Tate alleged that, upon his transfer from the Southern Ohio Correctional Facility (SOCF) to MANCI, on February 19, 1992, he was issued a "light-linen" set of coveralls and an unlined jacket. Tate states that he was forced to wear this clothing for over a month, during conditions of snow, wind, record-breaking temperatures, and thunderstorms, in order to attend meals, attend religious services, visit the library, participate in recreation and to retrieve prescribed medication while attending sick call. In his reply to the defendants' motion for summary judgment, Tate also stated that the defendants adopted a policy and custom of providing adequate winter coats, hats, gloves and boots to inmate runners and groundskeepers, while denying this adequate clothing to the majority of MANCI inmates.
 
 
 4
 On appeal, Tate repeats his argument that the defendants violated his right to be free from cruel and unusual punishment by exposing him to winter weather without providing him adequate clothing. In support of his argument, Tate relies on the cases of Wilson v. Seiter, 111 S.Ct. 2321 (1991); Estelle v. Gamble, 429 U.S. 97 (1976); Knop v. Johnson, 977 F.2d 996 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993); and Boretti v. Wiscomb, 930 F.2d 1150 (6th Cir.1991).
 
 
 5
 Because Tate has essentially abandoned all claims except that regarding inadequate clothing, this court will not review the other claims originally presented in his complaint. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). While it is true that a prisoner's complaint of inadequate clothing may be sufficient to state a Sec. 1983 claim, see Knop, 977 F.2d at 1012, Tate has not stated an Eighth Amendment claim because he has not shown that the defendants were deliberately indifferent to his needs. Wilson, 111 S.Ct. at 2324-27; Estelle, 429 U.S. at 104-06. The district court reached this conclusion in its order granting the defendants' motion for summary judgment, and this court agrees with that determination.
 
 
 6
 Accordingly, the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation