76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard Edgar STAFFORD, Jr., Plaintiff-Appellant,
v.
Thomas N. EDMONDS, et al., Defendants-Appellees.
 No. 95-1107.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1996.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges, and KATZ, District Judge.*
 
 ORDER
 
 2
 Leonard Edgar Stafford, Jr., a Michigan state prisoner, moves for the appointment of counsel and appeals the judgment for defendants following a bench trial in this civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this action, Stafford sought monetary damages from eleven employees of the Kalamazoo County, Michigan, jail. He alleged that the defendants had subjected him to unreasonably dangerous conditions of confinement in the form of a slippery floor outside the shower in his cell, that he had in fact fallen and been injured, that the defendants had moved him without a neck brace and stretcher and had denied him narcotic pain medication prescribed by an emergency room physician, and finally, had placed him in an observation cell in violation of his due process rights. The parties agreed to submit the case to a magistrate judge, with appeal to this court. A bench trial was held. The magistrate judge issued findings of fact and conclusions of law and entered judgment for the defendants. On appeal, Stafford argues that the defendant nurses were deliberately indifferent to his serious medical needs when they denied him the narcotic pain medication prescribed at the emergency room and that he was denied due process when he was placed in an observation cell.
 
 
 4
 Upon review, we conclude that the judgment for defendants was proper. While interference with prescribed treatment can be a basis for an Eighth Amendment claim, see Estelle v. Gamble, 429 U.S. 97, 104-05 (1976), this case involved neither the serious medical need nor the deliberate indifference by defendants which this court has found necessary to state a claim under such circumstances. See Farmer v. Brennan, 114 S.Ct. 1970 (1994); cf. Hill v. Marshall, 962 F.2d 1209, 1215 (6th Cir.1992) (denial of tuberculosis medication), cert. denied, 113 S.Ct. 2992 (1993); Boretti v. Wiscomb, 930 F.2d 1150, 1154-56 (6th Cir.1991) (denial of dressing changes and medication following surgery). In this case, Stafford was diagnosed as having suffered contusions to his chest and jaw, based on his statement, and was given ice packs and over-the-counter pain medication by the defendants.
 
 
 5
 We also conclude that the Due Process Clause was not implicated by Stafford's placement in an observation cell, as there is no indication that the placement was punitive in nature. See Zarnes v. Rhodes, 64 F.3d 285, 291-92 (7th Cir.1995).
 
 
 6
 Accordingly, the motion for counsel is denied and the judgment for defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation