101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Michael ATKINS, Plaintiff-Appellant,
v.
T.A. COUGHLIN, III, Commissioner of Correction; G. Bartlet,
Superintendent of Elmira Correctional Facility;
S. Von Hagen, Nurse Supervisor of Elmira
Correctional Facility, Defendants,
J. A'Hearn, Nurse at Elmira Correctional Facility, Defendant-Appellee.
 No. 95-2464.
 United States Court of Appeals, Second Circuit.
 Aug. 14, 1996.
 
 1
 Counsel for Appellant: Michael Atkins, pro se, New York, NY.
 
 
 2
 Counsel for Appellee: Mark R. Walling, Attorney General's Office, Buffalo, NY.
 
 
 3
 W.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present CALABRESI, PARKER, C.J., POLLAK, Senior District Judge.*
 
 ORDER
 
 6
 Michael Atkins, pro se, in forma pauperis, and incarcerated, appeals from the district court's grant of summary judgment on July 29, 1994, to the defendant Nurse A'Hearn. Atkins maintains that the defendant violated his Eighth Amendment rights through deliberate indifference to his medical needs and seeks relief under 42 U.S.C. § 1983. This court reviews district court orders granting summary judgment de novo.
 
 
 7
 Atkins alleges that he suffered severe pain following an elbow injury he sustained while playing basketball on January 3, 1993. He avers that he brought his condition to Nurse A'Hearn's attention on January 4, 1993, and again on January 13, 1993. He states that on the first occasion, she simply told him that nothing was wrong with his arm, and on the second occasion, she scheduled an appointment with a doctor but did not prescribe pain-killer. On January 25, the doctor concluded that Atkins had a chip fracture of the ulna and directed that Atkins receive a sling and an orthopedic consultation.
 
 
 8
 A prisoner alleging that prison officials deprived him of the right to adequate medical treatment under the Eighth Amendment must show that such officials displayed deliberate indifference to serious medical needs. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.1994), cert. denied, 115 S.Ct. 1108 (1995). Under this standard, prison officials may be liable for delaying medical treatment to a prisoner where (1) the prisoner suffers from severe pain that obviously warrants prompt medical attention, see Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir.1991); (2) the inmate makes multiple complaints of pain, see Hathaway, 37 F.3d at 68; or (3) the prison officials withhold treatment in order to make the inmate suffer, see Archer v. Dutcher, 733 F.2d 14, 16 (2d Cir.1984). The standard is not met by "an inadvertent failure to provide adequate medical care" or "a complaint that a physician has been negligent in diagnosing or treating a medical condition." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
 
 
 9
 Taking his allegations as true, we find that Atkins has not stated a claim on which a jury might infer that Nurse A'Hearn acted with deliberate indifference. He does not allege that he manifested any objective indicia that would indicate that he obviously warranted prompt medical attention. He made only two complaints, which were nine days apart. He has not alleged that the prison officials were withholding medical treatment to make him suffer. It appears that the defendant, at most, was negligent, and this does not rise to the level of deliberate indifference necessary to sustain an Eighth Amendment claim.
 
 
 10
 We have examined all of the plaintiff's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 *
 The Honorable Louis H. Pollak, Senior District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation