110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THADDEUS-X, Plaintiff-Appellant,
v.
Thomas TAYLOR; Jerry Hofbauer; Fnu Lashley, Correctional
Officer; Neubecker, Sgt., Defendants-Appellees.
 No. 96-1197.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*
 
 ORDER
 
 2
 Thaddeus-X, a Michigan state prisoner, appeals pro se a district court judgment for the defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive, and monetary relief, Thaddeus-X filed this action against four prison officials; the grievance coordinator at his place of incarceration (Taylor), the warden (Hofbauer), and two guards (Lashley and Neubecker). Thaddeus-X alleged that Taylor, with the approval of Hofbauer, had placed him on a grievance restriction for ninety days, which required his grievances to be screened for frivolity before he was issued the necessary grievance form. Thaddeus-X also alleged that Lashley and Neubecker, in retaliation for his filing of grievances and lawsuits, had searched his cell, confiscated some of his medication, and delayed removing his handcuffs on one occasion. Thaddeus-X maintained that these actions by the defendants violated the First and Eighth Amendments and his due process rights.
 
 
 4
 The defendants moved for dismissal or summary judgment. A magistrate judge recommended that the defendants' motion be granted as to his First Amendment and procedural due process claims, but that his claim of a substantive due process violation proceed. The district court adopted this recommendation. Upon reconsideration, after Thaddeus-X pointed out that some of his claims had not been addressed, the district court also granted summary judgment to Taylor and Hofbauer on the claim of retaliation, and to Lashley and Neubecker on the Eighth Amendment claim. The claim of retaliation by Lashley and Neubecker proceeded to a bench trial, with appointed counsel representing Thaddeus-X, following which a final judgment for the defendants was entered. This appeal followed. On appeal, Thaddeus-X argues that the district court erred in granting summary judgment to Taylor and Hofbauer on his claim of retaliation, and to Lashley and Neubecker on his Eighth Amendment claim. Thaddeus-X also argues that he was denied a jury trial as requested in his complaint.
 
 
 5
 Upon review, we conclude that the summary judgment for defendants was proper, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 6
 Initially, we note that Thaddeus-X is not arguing against the district court's rulings on a number of his claims. These claims are therefore considered abandoned and will not be reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 The first argument raised on appeal is that Taylor and Hofbauer were not entitled to summary judgment on the claim of retaliation. However, Thaddeus-X presented no evidence that his placement on a grievance restriction for ninety days impaired his right to petition for redress of grievances, as he did not show that he was prevented from filing any meritorious grievance. See Ward v. Dyke, 58 F.3d 271, 275 (6th Cir.), cert. denied, 116 S.Ct. 524 (1995). Thaddeus-X failed to present any evidence that Taylor and Hofbauer egregiously abused their power in retaliation for the exercise of his First Amendment rights, amounting to a substantive due process violation. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988).
 
 
 8
 Thaddeus-X next argues that Lashley and Neubecker were not entitled to summary judgment on the claim that they violated the Eighth Amendment when they confiscated medication from his cell. Thaddeus-X is HIV positive and takes Retrovir for this condition. Lashley and Neubecker alleged that the medication was confiscated because it was past its expiration date or the label had been removed. Thaddeus-X ordered and received replacement medication three days later. Because Thaddeus-X did not present any evidence that he suffered any injury as a result of this incident, he has failed to show that Lashley and Neubecker were deliberately indifferent to a serious medical need. See Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir.1991).
 
 
 9
 Finally, Thaddeus-X argues that he was denied a jury trial. There is no indication that his appointed counsel objected to the bench trial. Therefore, we believe that he has waived his objection on this issue.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation