**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0141n.06

Case No. 19-1837

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Mar 10, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| KEVIN BRIGGS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| UNKNOWN WESTCOMB, et al., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellees. | ) | |

BEFORE: SILER, GIBBONS, and READLER, Circuit Judges.

SILER, Circuit Judge. Kevin Briggs, a Michigan state prisoner, appeals the district court's dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c). For the reasons set forth below, we REVERSE and REMAND for further proceedings.

**I. Background**

Briggs brought this this pro se § 1983 suit in forma pauperis against three staff members—Westcomb, Barber, and Rondeau—at the Alger Correctional Facility in Michigan. In addition to several state law claims—over which the district court declined to exercise supplemental jurisdiction—and several claims whose dismissal he does not appeal, Briggs alleged that: (1) Westcomb was deliberately indifferent to Briggs's serious medical needs, in violation of the

Eighth Amendment, for reducing his insulin dosage and thereafter failing to increase it despite his suffering adverse effects caused by the lower dosage; and (2) Barber and Rondeau retaliated against him for filing a grievance, in violation of the First Amendment, by submitting a false misconduct report against him. The district court screened his complaint pursuant to the Prison Litigation Reform Act, and dismissed both of these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Briggs appeals the dismissal.[1]

In reviewing a dismissal for failure to state a claim, we are to construe the complaint "in the light most favorable to the plaintiff." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Therefore, the following recitation of facts are the facts as alleged by Briggs in his complaint. Briggs is diabetic and requires insulin. He was prescribed an insulin dosage of 48 units but, from January 13-18, 2016 he was sick, so he did not take his full dose each day. On January 19, when he went to get his morning dose of insulin, Briggs was informed that his dosage had been reduced to no more than 40 units. Briggs was informed that Westcomb, a physician assistant at the facility, had reduced his morning, midday, and evening dosages of insulin. Briggs then requested to speak with Westcomb to increase his insulin dosage, but he was not able to do so. That same day, he filed a grievance against Westcomb alleging "deliberate indifference and [a] violation [of] [Michigan Department of Corrections] Policy and Operating Procedures." A week later on January 25, Westcomb's supervisor spoke to her about her having lowered Briggs's insulin dosage. The next day, Westcomb and Barber—a correctional officer—"ambushed" Briggs together and tried to provoke him into committing misconduct. Westcomb verbally attacked Briggs, and Barber

---

[1] Briggs also appeals the district court's designation of the dismissal of his suit as a strike pursuant to the "three-strikes" provision in 28 U.S.C. § 1915(g). Since we reverse the dismissal, we do not consider this issue.

"became physical" with Briggs. Barber was "touching and bumping up against" Briggs. Briggs requested help from Lieutenant Rondeau, a more senior correctional officer. Rather than intervening to help Briggs, Rondeau told Briggs that he was "going to the hole." Briggs was then taken to the segregation unit.

Based on this incident, Barber filed a misconduct report against Briggs, accusing him of threatening behavior. Rondeau provided a witness statement as part of Barber's report. On January 29, Briggs was found not guilty of threatening behavior, but guilty of a lesser offense. He was awarded loss of privileges for thirty days. Months later, on April 20, Barber admitted to Briggs that the misconduct report was false and that "[Rondeau] told him to write that false misconduct report."

Briggs continued at the lower, 40-unit dosage of insulin until the middle of March, when a medical doctor intervened and increased his morning insulin dosage to 50 units. The doctor also increased his midday and evening dosages. From January 19 to mid-March, the lower dosage of insulin caused Briggs to have high blood sugar levels, which in turn caused him to suffer from "cysts, constant urinating, and kidney pain." Prior to the doctor's intervention to raise the insulin dosage, Briggs had "complained for months of ill effects" caused by the dosage being too low.

## II. Discussion

We review de novo a district court's sua sponte dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). The dismissal standard is the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In turn, "to survive scrutiny under §§ 1915A[] and 1915(e)[], 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"

*Id.* at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nevertheless, as the Supreme Court has long emphasized, a pro se complaint is to be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish: (1) the deprivation of a right secured by the Constitution or the laws of the United States (2) caused by a person acting under the color of state law. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).

1. Deliberate Indifference

A deliberate indifference claim has an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to allege that he suffers from a sufficiently serious medical need. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). The subjective component requires the plaintiff to allege that the prison officials have "a sufficiently culpable state of mind" in denying medical care. *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) . Deliberate indifference "entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835.

In evaluating a deliberate indifference claim, we "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake*, 537 F.2d at 860 n.5). "As a

general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017).

The district court found that Briggs's complaint sufficiently alleged the objective component—diabetes constitutes a serious medical need—but that it was insufficient on the subjective component. It concluded that this case fell within the realm of disagreements about the proper course of treatment that courts will not second guess and that are not grounds for a claim under the Eighth Amendment or § 1983. *See id.* In particular, the district court noted that Briggs continued to receive insulin and that Westcomb merely changed the dosage following a five-day period where Briggs declined to take the full dose.

Despite the reluctance we expressed in *Alspaugh* to not second guess medical judgments, we have distinguished inadequate treatment cases from cases alleging intentional infliction of unnecessary pain. *See Richmond v. Huq*, 885 F.3d 928, 944-45 (6th Cir. 2018) (en banc). We have long held that "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991). Further, both insufficient treatment and a delay in giving treatment may violate the Eighth Amendment. *See Lemarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001).

Briggs alleges that, after Westcomb reduced his insulin dosage, (1) he experienced "cysts, constant urinating, and kidney pains"; (2) these symptoms were the result of the decreased dosage; (3) he repeatedly complained about these symptoms and requested that his dosage be increased; (4) after Westcomb's supervisor spoke to her about the lowered dosage, she "ambushed" him and verbally berated him; (5) for two months Westcomb did not raise his insulin dosage to alleviate

his symptoms; (6) the refusal to increase the dosage was done "maliciously and with sadistic intent"; and (7) after two months of the 40-unit dosage, a doctor intervened and increased his dosage to 50 units. So, the crux of Briggs's complaint is not that his insulin dose was lowered, but that Westcomb did not *increase* his dosage after becoming aware that he was suffering from negative effects caused by the lower dosage and that she intended to cause him unnecessary pain and suffering by refusing the raise the dosage. This is sufficient to state a claim. *See Richmond*, 885 F.3d at 944-45.

## 2. Retaliation

Briggs alleges that Barber and Rondeau retaliated against him for filing the grievance about his insulin dosage by submitting a false misconduct report against him. The district court found that Briggs failed to state a retaliation claim against Barber and Rondeau based on the false misconduct report.[2]

A First Amendment retaliation claim has three elements that the plaintiff must establish: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that protected conduct; and (3) there is a causal connection between the first two elements—the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

The district court found that the first element was adequately established because prisoners have a First Amendment right to file grievances against prison officials. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). The district court also found the second element was

---

[2] Briggs does not appeal the district court's dismissal of the other two bases for his retaliation cause of action—Westcomb's verbal attacks and Barber's "getting physical" with him. Therefore, these claims are waived.

sufficiently alleged because privileges are significant to prisoners, so a false misconduct report resulting in loss of privileges would deter a person of ordinary firmness from continuing to engage in filing grievances against prison officials. *See Maben v. Thelen*, 887 F.3d 252, 266-67 (6th Cir. 2018).

The district court concluded that Briggs's complaint failed on the third element because (1) the temporal proximity of a week between filing the grievance and the retaliatory acts was too attenuated to allow an inference of a causal connection between them; and (2) he "alleges no facts from which to reasonably infer the actions of Defendant Barber or Rondeau in pursuing the misconduct violation were motivated by any of this protected conducted related to [Westcomb]."

Although this court has been reluctant to find retaliatory motive from temporal proximity alone when that proximity is not "extremely close," *Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010), the proximity between the filing of a grievance and an adverse action provides "some support" for that inference. *Hill*, 630 F.3d at 476 (citing *Holzemer*, 621 F.3d at 526). Here, the district court correctly noted that Briggs alleges he filed his grievance against Westcomb on January 19 and the retaliatory acts occurred a week later on January 26. However, the district court did not consider Briggs's additional factual allegation that Westcomb's supervisor spoke to her on January 25 about the decreased dosage. When construing the complaint in the light most favorable to Briggs, the relevant date for analyzing temporal proximity is January 25, not January 19. Briggs's inclusion of this factual allegation implies either that Westcomb first learned of the grievance on January 25, or that the conversation with her supervisor about the dosage in some way motivated the ambush the next day. *See Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) (using the time that the defendant learns of the protected activity rather than when the protected activity occurred as the relevant event in analyzing temporal proximity). So, the

district court erred by concluding that the temporal proximity between relevant events was a week rather than a day.

Whether there is a sufficient temporal proximity to support an inference of an improper motive is an inherently fact-specific inquiry conducted by looking at the totality of the circumstances. *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 401 (6th Cir. 2010). A day between events presents a very different situation than a week between events, as two days between events has been found to be "'very close' temporal proximity." *Lindsay v. Yates*, 578 F.3d 407, 419 (6th Cir. 2009) (quoting *Mickey*, 516 F.3d at 525). It is not necessary for us to determine whether the temporal proximity here would be sufficient on its own to establish a causal connection because, as discussed below, there is an additional connection between the grievance and the retaliation besides just temporal proximity.

Briggs alleges a connection between the grievance against Westcomb and the retaliatory acts by Barber and Rondeau. The day after Westcomb spoke to her supervisor about having reduced Briggs's insulin dosage, Westcomb and Barber ambushed Briggs. One can reasonably infer from Briggs's complaint that the ambush was motivated by the grievance, since Westcomb and Barber ambushed him together. And if the ambush was motivated by the grievance, since the false misconduct report arose out of the ambush, it can be inferred that it too was motivated, at least in part, by the grievance. And although not part of the ambush itself, Rondeau was present for at least part of it, refused Briggs's request for help, sent him to segregation without justification, instructed Barber to file the false misconduct report, and submitted a false witness statement. So, the facts as alleged are sufficient to allow the inference that Rondeau, Barber, and Westcomb coordinated and worked together to retaliate against Briggs.

Accepting the allegations as true—as required at this stage—Briggs has sufficiently alleged that Barber and Rondeau submitting the false misconduct report was motivated, at least in part, by his filing the grievance because of the connection between Rondeau, Barber and Westcomb and the close temporal proximity of Westcomb's conversation with her supervisor and the retaliatory acts. Thus, the complaint for retaliation based on filing the false misconduct report states a plausible claim for relief.

### III. Conclusion

For the reasons set forth above, we REVERSE the district court's dismissal of deliberate indifference claim against Westcomb and dismissal of the retaliation claim against Barber and Rondeau. We REMAND for further proceedings consistent with this opinion.