12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank MAWBY, Plaintiff-Appellant,
v.
Rex ZENT, Warden; Cranston, Nurse; Bayes, Inspector,
Defendants-Appellees.
 No. 93-3583.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1993.
 
 1
 Before: JONES and SUHRHEINRICH, Circuit Judges, and MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 Frank Mawby, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Mawby sued the warden (Zent), institutional inspector (Bayes), and health care administrator (Cranston) of the Madison Correctional Institute (MCI) for violating his Eighth Amendment right to adequate medical care. He alleged that, upon his transfer to MCI, Cranston refused to provide vitamin B6 and perform periodic blood tests as prescribed by a doctor in relation to a tuberculosis treatment plan initiated in July 1992. He further alleged that his complaints to Bayes and Zent produced no response. In an amendment to his complaint, Mawby alleged that Cranston took him off the medication INH after only six months, contrary to a doctor's orders that he receive the medication for one year. In an opinion and order filed on May 13, 1993, the district court denied Mawby's motion for summary judgment on the ground that genuine issues of material fact existed. However, the district court granted the defendants' motion to dismiss for failure to state a claim upon which relief may be granted. Judgment was entered accordingly on the same date. On appeal, Mawby continues to argue the merits of his claim.
 
 
 4
 Upon review, we vacate the district court's judgment and remand the case because Mawby has stated a colorable Eighth Amendment claim.
 
 
 5
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The court must construe the complaint in a light most favorable to the plaintiff, accept all his factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. Id.
 
 
 6
 We conclude that the district court erred in dismissing Mawby's complaint under Rule 12(b)(6). The defendants and the district court mischaracterized Mawby's complaint as one in which he merely disagrees with his prescribed medical treatment. As such, it would not support a claim under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Westlake v. Lucas, 537 F.2d 857, 860-61 (6th Cir.1976) (per curiam). However, Mawby accepts the course of medical treatment prescribed by the physician; instead, he challenges the interference with that prescribed course of treatment by a non-physician. Under the established law of this circuit, these facts, if proven, do state a valid claim for inadequate medical care. See Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir.1991); Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir.1983) (per curiam). "Complying with a doctor's prescription or treatment plan is a ministerial function, not a discretionary one." Boretti, 930 F.2d at 1156.
 
 
 7
 Accepting the facts alleged by Mawby as true, we conclude that Mawby has clearly stated a claim under Sec. 1983. At a prior institution, he tested positive for tuberculosis and an x-ray revealed a spot on his lung. "Tuberculosis exists in both dormant and active stages. During the dormant stage, the individual is not infectious and exhibits no symptoms. Only a few infected individuals develop active tuberculosis. With proper treatment--daily dosages of the antibiotic isoniazid (INH) for nine to twelve months--an infected person probably will never develop tuberculosis." DeGidio v. Pung, 920 F.2d 525, 527 (8th Cir.1990). A doctor, accordingly, prescribed for Mawby a course of INH for twelve months, supplemented by vitamin B6 to counter possible adverse effects on his liver. Upon his transfer to MCI, Cranston canceled his vitamin B6 . After six months of treatment, his INH was stopped, allegedly pursuant to an institutional policy. Mawby's complaints to defendants Bayes and Zent went unanswered. This court has previously recognized a cause of action based upon prison officials' failure to properly administer INH to prevent an active outbreak of tuberculosis. See Hill v. Marshall, 962 F.2d 1209, 1215 (6th Cir.1992), cert. denied, 113 S.Ct. 2992 (1993). Under the facts as pleaded, Mawby has clearly stated a claim that survives dismissal under Rule 12(b)(6).
 
 
 8
 Accordingly, the district court's judgment, entered on May 13, 1993, is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation