34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul L. HINES, Plaintiff-Appellant,
v.
Reginald A. WILKINSON, Director, et al., Defendants-Appellees.
 No. 94-3289.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Paul L. Hines, a pro se Ohio prisoner, appeals a district court judgment granting summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking compensatory and punitive damages, Hines sued the director of the Ohio Department of Rehabilitation and eight officers and employees of the Chillicothe Correctional Institution (CCI) in their individual and official capacities. He alleged violations of his First, Eighth and Fourteenth Amendment rights following a beating by another inmate that knocked two of Hines's teeth loose. Hines claimed that a dentist (Dr. Huber) and a nurse employed by CCI provided him with inadequate dental care, leaving two teeth permanently crooked. He further claimed that he was not provided with the penicillin and pain medication prescribed by Dr. Huber until his release from segregation eight days later, causing him to suffer severe and unnecessary pain. Hines also alleged various due process and free speech violations relating to his conviction for instigating a fight. Finally, he asserted that Director Wilkinson and Deputy Warden Goff were responsible for the unconstitutional actions of the other defendants.
 
 
 3
 The district court granted the defendants' motion for summary judgment in an opinion and order filed on March 1, 1994. The court condensed Hines's issues into two broad claims: whether he received appropriate medical treatment after he was attacked by inmate Boyd, and whether he was properly found guilty by the prison Rules Infraction Board (RIB) of violating a prison rule against instigating a fight. The district court answered both questions in the affirmative, although it noted that an eight-day delay in receiving prescribed pain medication was "problematic." Judgment was entered on March 1, 1994.
 
 
 4
 On appeal, Hines argues that: (1) the district court erred by granting the motion for summary judgment because discovery was not complete, the motion was not supported by sworn affidavits, Hines's claims were valid, and the defendants were not entitled to qualified immunity; (2) the district court erred by addressing only two issues and ignoring other claims alleging retaliation and supervisory liability; (3) the medical treatment he received amounted to no medical treatment at all; (4) the district court erred by dismissing his claim relating to denial of his prescribed medicine; (5) the district court erred by rejecting his claim against prison officials for revealing his complaints to inmate Boyd; (6) the district court erred by denying his request for declaratory and injunctive relief as moot; and (7) the district court erred by denying his due process claim.
 
 
 5
 Upon review, we affirm the district court's judgment insofar as it grants summary judgment to the defendants on the claims relating to the RIB conviction, dental care, and supervisory liability. We vacate the district court's judgment, however, insofar as it grants summary judgment to the defendants for failure to provide prescribed medications. This court's review of an order granting summary judgment is de novo; it uses the same test used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 6
 The defendants are entitled to judgment as a matter of law as to Hines's claims that he was wrongfully convicted of instigating a fight. Hines was afforded all of the due process protections to which he was entitled under Wolff v. McDonnell, 418 U.S. 539 (1974). The Supreme Court, in Wolff, held that an inmate's liberty interest not to be placed in disciplinary confinement may not be deprived unless the inmate receives: (1) written notice of the hearing at least 24 hours in advance; (2) an opportunity to call witnesses and present evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-67. The record of the RIB proceeding clearly shows that Hines waived both his right to 24 hours notice and his right to have the charging officer present, and that he received a written statement of the evidence relied upon. Additionally, the evidence relied upon, which consisted of Hines's own statement that he approached Boyd and initiated a conversation on a subject he knew Boyd was sensitive about, satisfies the "some evidence" test of Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Hines's complaint that his conviction on this evidence violated his First Amendment right to free speech is not persuasive because it is apparent that this right, like others, may be restricted in a prison setting for reasons of security and discipline. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Finally, defendant Moore is entitled to summary judgment on Hines's claim that he wrote up a false misconduct report. Hines was convicted of the very conduct for which he was written up, based upon Hines's own admissions. This court has held that it will not "interfere with the discretion of the prison authorities to define offenses under their internal rules and to assign offenses in particular cases." Turney v. Scroggy, 831 F.2d 135, 140 (6th Cir.1987).
 
 
 7
 The district court also properly granted summary judgment to Dr. Huber and the nurse who initially treated Hines following his injury because the undisputed facts do not establish that these defendants were deliberately indifferent to Hines's serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Hines was treated immediately after the injury by the nurse who followed Dr. Huber's telephoned instructions. When Dr. Huber saw Hines personally several days later, he repositioned Hines's teeth, splinted them, and prescribed penicillin and pain medication. Although Hines vehemently disputes the efficacy of a paper-clip splint, his claim against Dr. Huber amounts to a difference of opinion over the dentist's course of treatment. Such a claim is not actionable under the Eighth Amendment. Id. at 107. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106.
 
 
 8
 Moreover, the defendants cannot be held liable for either causing or failing to prevent Hines's injury in the first place. The Eighth Amendment protects prisoners from physical harm at the hands of their fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987); Johnston v. Lucas, 786 F.2d 1254, 1259-60 (5th Cir.1986). Even if it is assumed that one or more of the prison officials told inmate-television monitor Boyd that Hines was the one who had complained about the television schedule, they had no knowledge of any specific harm that this revelation might cause.
 
 
 9
 However, the district court erred in granting summary judgment to the defendant prison employees who refused to provide Hines with his prescribed medication while he was in segregation. Deliberate indifference resulting in the "unnecessary and wanton infliction of pain" is actionable under the Eighth Amendment. Estelle, 429 U.S. at 104. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. Deliberate indifference in this context does not require proof of an intent to inflict pain nor a detailed inquiry into the officials' state of mind, Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir.1993), but the officials' conduct or lack of conduct must demonstrate a knowing indifference to serious medical needs. Weeks v. Chaboudy, 984 F.2d 185, 187 (6th Cir.1993). A deliberate refusal on the part of prison officials to provide an inmate with prescribed medication may demonstrate such deliberate indifference. See Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir.1991); Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir.1983) (per curiam). Hines specifically alleged that he inquired about his prescribed medication every day that he remained in segregation, but that a succession of guards and medical personnel ignored his inquiries. These allegations were not rebutted by the defendants. Consequently, a genuine issue of material fact remains as to whether the refusal to provide Hines's prescribed medications constituted deliberate indifference on the part of prison personnel, and summary judgment was inappropriate as to this issue.
 
 
 10
 Hines's remaining issues are meritless. The district court did not err in ruling on the defendants' motion for summary judgment because extensive discovery had been completed, allowing Hines to meaningfully respond. The fact that the defendants did not submit sworn affidavits goes to the sufficiency of their motion, rather than the propriety of the court's consideration of the motion. Moreover, the court did not err by grouping Hines's overlapping claims into the two broad issues underlying them.
 
 
 11
 The doctrine of respondeat superior no longer applies to impute liability onto supervisory personnel in civil rights actions; in order to find them liable, a plaintiff must allege that the supervisors condoned, encouraged, or knowingly acquiesced in the alleged misconduct. Collins v. City of Harker Heights, Tex., 112 S.Ct. 1061, 1067 (1992); Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir.1993). Thus, the district court did not err when it found that defendants Wilkinson and Goff could not be held liable in their capacity as supervisors.
 
 
 12
 Hines's complaint that the district court ignored his claim of retaliation is likewise without merit. Such a claim is found neither in his original complaint nor in his supplemental complaint. Instead, he briefly raised it in his response to the defendants' motion for summary judgment in the form of a statement that prison officials gave his name to Boyd because they "got tired of hearing [him] complain". Such a conclusory opinion is insufficient to establish a triable claim. See Scheid v. Fanny Farmer Candy Shops, 859 F.2d 434, 437 (6th Cir.1988). Further, it is unnecessary to address Hines's issue on appeal challenging the district court's finding of qualified immunity, because the underlying substantive issue is meritless.
 
 
 13
 Finally, any request for injunctive relief based upon Hines's misconduct conviction was properly denied on the merits for the reasons discussed above. Therefore, this portion of the judgment may be affirmed whether or not the request for injunctive relief may be moot. See Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993).
 
 
 14
 Accordingly, the district court's judgment is affirmed as to the claims relating to the RIB conviction, provision of dental care, and supervisory liability. The judgment is vacated as to the Eighth Amendment claim relating to the denial of prescribed penicillin and pain medication, and that claim only is remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.