66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dudley Neal FREDERICK, Plaintiff-Appellant,
v.
Joseph ABRAMAJTYS, Warden; Bob Jensen, Deputy Warden;
Richard Happel, Psychologist; Gus Hopson,
Psychologist; Dennis Oosterbaan,
Classification Director,
Defendants-Appellees.
 No. 94-1935.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and MORTON, District Judge.*
 
 ORDER
 
 2
 Dudley Neal Frederick appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Frederick filed his complaint in the district court alleging that he was subjected to cruel and unusual punishment when he was transferred from the Adrian Temporary Facility (ATF) to the Muskegon Temporary Facility (MTF) in March 1991. Plaintiff named the defendant Michigan prison officials in unspecified capacities and sought injunctive relief and an unspecified amount of compensatory damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that the complaint be dismissed with respect to defendant Hopson and that summary judgment be granted in favor of the remaining defendants. Plaintiff filed objections, and the district court adopted the magistrate judge's recommendation, dismissed the complaint with respect to defendant Hopson, and granted summary judgment for the remaining defendants. This timely appeal followed.
 
 
 4
 This court denied plaintiff's motion for leave to proceed in forma pauperis, and plaintiff subsequently paid the appellate filing fee. On appeal, plaintiff contends: (1) that defendants interfered with medical treatment prescribed for him; and (2) that he should be deemed to have sued defendants in their individual capacities. Defendants respond that they enjoy immunity from suit for money damages under the Eleventh Amendment and that plaintiff cannot show deliberate indifference to his serious medical needs.
 
 
 5
 Upon consideration, the judgment of the district court is affirmed essentially for the reasons stated in the magistrate judge's report and recommendation filed July 15, 1994, and in the opinion adopting the magistrate judge's report and recommendation filed August 11, 1994. The claim for money damages is not cognizable under Sec. 1983 because plaintiff did not specify the capacities in which he sued the defendant prison officials; therefore, plaintiff is presumed to have sued defendants in their official capacity only. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). In their official capacity, defendants are not "persons" subject to suit for money damages under Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Accordingly, summary judgment for defendants was proper with respect to plaintiff's claim for money damages.
 
 
 6
 Moreover, summary judgment for defendants with respect to plaintiff's claim for injunctive relief was proper as well. First, the district court correctly noted that plaintiff simply possesses no constitutional right to placement in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Nor can Michigan prison regulations that place substantive predicates on officials' discretion in placing prisoners give rise to a liberty interest cognizable under Sec. 1983 absent an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 115 S.Ct. 2293, 2300 (1995). Finally, plaintiff cannot show a genuine issue of material fact remaining for trial with respect to whether defendants were deliberately indifferent to his serious medical needs under the circumstances of this case. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir.1991); Byrd v. Wilson, 701 F.2d 592, 595 (6th Cir.1983) (per curiam).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee, sitting by designation