**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

COURTNEY J. VAN RIPER,

Plaintiff-Appellant,

v.

WEXFORD HEALTH SOURCES,
INC., a Pennsylvania corporation;
JUDY UPHOFF, individually;
VANCE EVERETT, individually;
HERBERT COTTON, individually,

Defendants-Appellees.

No. 01-8083
(D.C. No. 99-CV-91-D)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** , **PORFILIO** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se appellant Courtney Van Riper challenges the district court's decision entering summary judgment for defendants in his civil rights action. We reverse and remand.

Mr. Van Riper is an inmate at Wyoming State Penitentiary (WSP). He filed this civil rights action on May 6, 1999, naming as defendants Wexford Health Sources, Inc., which provided contract medical services for WSP; Herbert Cotton, Wexford's medical director;[1] Judith Uphoff, Director of the Wyoming Department of Corrections (DOC); and Vance Everett, WSP's warden.[2] Mr. Van Riper alleges that both the Wexford and the DOC defendants violated his Eighth Amendment rights by denying him necessary medical care, and that the DOC defendants further violated his Eighth Amendment rights by placing him in unsafe conditions such that he was assaulted by another inmate.[3]

---

[1]    For the sake of simplicity, Wexford and Dr. Cotton will be referred to as the Wexford defendants. Wexford ceased to provide services to WSP on June 15, 1999. R. Vol. 8, Doc. 141 (Sept. 28, 2001 Order Adopting Report and Recommendations) at 7-8.

[2]    Ms. Uphoff and Mr. Everett will be referred to as the DOC defendants.

[3]    Mr. Van Riper originally also alleged that the DOC defendants violated his due process rights, retaliated against him for filing grievances, and denied him access to the courts. He voluntarily dismissed the claims of retaliation and denial of access to the courts, and has declined to address his due process claim in his appellate briefing, thus waiving it for purposes of appeal. *See Grant v. Pharmacia & Upjohn Co.*, 314 F.3d 488, 494 (10th Cir. 2002) (deeming waived claim not briefed on appeal).

Both the Wexford and DOC defendants moved for summary judgment but, as explained below, failed to properly establish a record. Nevertheless, in two separate reports and recommendations, the magistrate judge recommended that summary judgment be entered for defendants on all claims. The district court accepted the magistrate judge's recommendations.

Mr. Van Riper now appeals, arguing that the district court erred in failing to (1) conclude that the evidence supported a claim of deliberate indifference to serious medical needs; (2) consider evidence that defendants altered medical records; (3) conclude that the evidence supported a claim of unconstitutionally unsafe conditions; (4) give due weight to a Department of Justice (DOJ) report citing unconstitutional conditions at WSP; and (5) compel production of WSP's violence logs.

We review a grant of summary judgment de novo, affirming where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1180 (10th Cir. 2002). We view the evidence and the inferences drawn therefrom in the light most favorable to the party opposing summary judgment. *Hysten*, 296 F.3d at 1180.

In this case, defendants provided exhibits with their motion for summary judgment but failed to properly certify those exhibits in accordance with Rule 56(e). That failure leaves us as it left the district court. *See* R. Vol. 8, Doc. 141 (Sept. 28, 2001 Order Adopting Report and Recommendations) at 10. The allegations in Mr. Van Riper's verified complaint[4] and the exhibits attached to his opposition to defendant's motion for summary judgment provide the basis of decision. In the district court defendants conceded the unfavorable state of the record but maintained they were entitled to summary judgment on Mr. Van Riper's version of the facts. That argument continues here. It is a difficult row to hoe.

**Medical Treatment**

Prior to arriving at WSP, Mr. Van Riper was diagnosed with gastrointestinal reflux disease (GERD), and chronic obstructive pulmonary disease (COPD), as well as other conditions. He had been prescribed medication to treat these conditions. Mr. Van Riper did not receive his prescribed medication on numerous occasions, sometimes for weeks at a time. Defendants can offer no explanation for this failing as they have presented no affidavits from either

---

[4] A verified complaint stating facts that would be admissible at trial and that are based on plaintiff's personal knowledge has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988).

medical or DOC personnel, or other evidence that would explain why these delays in providing medication took place.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Prison officials violate the Eighth Amendment if they display deliberate indifference in the face of an inmate's serious medical needs. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). To establish this type of Eighth Amendment claim, an inmate must show that (1) his medical needs were serious, and (2) prison officials were deliberately indifferent to those needs. *Id.* at 1203. In addition, in situations where, as here, treatment was delayed rather than denied altogether, our case law requires that the inmate suffer "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

The defendants appear to argue that they are entitled to summary judgment because Mr. Van Riper's medical needs were not serious. A medical need is serious if it has been diagnosed by a physician as requiring treatment or is so obvious that a layperson could recognize the need for a doctor's attention. *Riddle*, 83 F.3d at 1202. Here, there is no dispute that Mr. Van Riper was diagnosed with GERD and COPD, among other conditions, and was prescribed

medication to treat these conditions.[5]  Therefore, the summary judgment evidence meets the first element of this test.

Regarding the substantial harm requirement, "[w]e have held that the substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett*, 254 F.3d at 950.  Mr. Van Riper's allegations that he suffered through painful episodes of untreated bronchitis and respiratory difficulty, as well as extensive periods of untreated, painful GERD episodes are sufficient to create a fact issue on substantial harm.  *See Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (concluding evidence of several hours of suffering from severe chest pain following heart attack was sufficient to defeat summary judgment on Eighth Amendment claim).[6]

---

[5]    GERD is characterized by regurgitation of gastric contents into the esophagus.  *The Merck Manual*  232 (17th Ed. 1999).  GERD can produce painful esophageal ulcers that heal slowly and tend to recur.    *Id.*  GERD may also lead to esophagitis, which can cause massive hemorrhages.    *Id.*  COPD is "characterized by chronic bronchitis or emphysema and airflow obstruction that is generally progressive."  *Id.* at 568.  COPD may produce occasional acute chest illness, and can lead to acute respiratory failure and death.    *Id.* at 573-76.

[6]    Mr. Van Riper faults the district court for "dismissing the claims" that defendants tampered with his medical records.  Opening Br. at 20.  While falsification of medical records does not constitute a separate claim, it may support Mr. Van Riper's Eighth Amendment claim if determined to be relevant by the district court on remand.    *See Green v. Branson*  , 108 F.3d 1296, 1303-04 (10th Cir. 1997) (showing of deliberate refusal to provide medical attention coupled with falsification of medical records may give rise to an Eighth Amendment violation).

Deliberate indifference to serious medical needs is the unnecessary and wanton infliction of pain. *Riddle*, 83 F.3d at 1203. An inadvertent failure to provide adequate medical care does not rise to the level of an unnecessary and wanton infliction of pain. *Id.* Similarly, conduct that at most establishes medical malpractice does not meet the standard for an Eighth Amendment violation. *Id.* Here, the summary judgment evidence shows that both the Wexford and the DOC defendants were made aware of the substantial delays in providing Mr. Van Riper's medication through his numerous grievances. Defendants offer no explanation or justification, medical or otherwise, for the repeated delays. Defendants, therefore, are not entitled to summary judgment on the issue of deliberate indifference on this record. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ("Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment . . . ."); *Boretti v. Wiscomb*, 930 F.2d 1150, 1155-56 (6th Cir. 1991) (holding that alleged five-day delay in providing prescribed treatment–changing dressing of wound and providing pain medication–created a triable issue of fact regarding deliberate indifference); *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("The knowledge of the need for medical care and the intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference."); *Archer v. Dutcher*, 733 F.2d

14, 16 (2d Cir. 1984) (holding that if necessary medical treatment is denied for nonmedical reasons, a case of deliberate indifference has been made out); *cf. Hunt v. Uphoff*, 199 F.3d 1220, 1223-24 (10th Cir. 1999) (holding that allegations that officials failed to provide insulin prescribed by prison doctor was sufficient to state claim for deliberate indifference).

**Unsafe Conditions**

To establish that prison officials violated the Eighth Amendment by failing to prevent harm to an inmate, "the inmate must show that (1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) prison officials acted" with deliberate indifference in the face of that risk. *Grimsley v. MacKay*, 93 F.3d 676, 680-81 (10th Cir. 1996). In other words, prison officials knew of the risk but disregarded it. *See Lopez v. LeMaster*, 172 F.3d 756, 760-61 (10th Cir. 1999).

Here, Mr. Van Riper presents unchallenged allegations that (1) the assault against him arose at least in part out of conditions of understaffing, (2) there had been twenty-nine prior assaults at the facility also due in part to understaffing, and (3) defendants Uphoff and Everett were aware of understaffing problem because they had received a DOJ report highlighting this issue. *See* R. Vol. 7, Doc. 118 (May 24, 2000 Report and Recommendation) at 18; *see also* R. Vol. 6,

Doc. 104 at O-12 (DOJ report concluding that "[l]ack of adequate supervision by staff [at WSP] greatly increases the likelihood of inmate-on-inmate violence").

When prison officials create policies that lead to dangerous levels of understaffing and, consequently, inmate-on-inmate violence, this is sufficient to establish personal participation in an Eighth Amendment violation. *See Lopez*, 172 F.3d at 761 (holding that unsafe conditions claim survived summary judgment where reports to prison officials revealed deficiencies in staff and back up, training, and supervision of inmates). Again, summary judgment for defendants is not warranted on this record.

### Production of Violence Logs

In connection with his claim of unsafe conditions, Mr. Van Riper asserts that it was error for the district court to deny his motion to compel the DOC defendants to produce all of WSP's violence logs. We review the denial of a motion to compel for an abuse of discretion. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Here, the district court reasoned that the violence logs should remain presumptively privileged pursuant to Wyo. Stat. Ann. § 16-4-203(b)(i) because Mr. Van Riper had failed to argue the relevance of the records. R. Vol. 8, Doc. 140 at 2-3. However, Mr. Van Riper did argue in his motion to compel that this evidence was relevant to prove that the DOC defendants were aware of the risk of inmate-on-inmate assault. R. Vol. 7,

Doc. 114 at 3. Therefore, we conclude that the district court abused its discretion in denying the motion on this ground.

**Qualified Immunity**

The Wexford defendants additionally argue that summary judgment in their favor may be affirmed on the basis of qualified immunity. The district court declined to address whether the Wexford defendants could invoke qualified immunity, instead concluding that Mr. Van Riper had shown no rights violation at all. Although we reverse the district court's conclusion that Mr. Van Riper failed to raise a triable issue as to whether his rights were violated, we express no opinion on whether the Wexford defendants are entitled to qualified immunity. The issue is not foreclosed.

For the reasons stated above, we REVERSE and REMAND this matter for further proceedings consistent with this decision. The motion to supplement the record is GRANTED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

-10-