# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 14, 2013

No. 12-60358

Lyle W. Cayce
Clerk

RONNIE BURTON,

Plaintiff-Appellee

v.

SHAWANDA OWENS, Medical Officer, Individually and Official Capacity;
JOYCE SIMON, Medical Officer, Individually and Official Capacity,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-646

Before HIGGINBOTHAM, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal turns on whether a prison official's decision to substitute prescription-strength ibuprofen in place of Percocet violates a pre-trial detainee's constitutional rights. The Defendants, prison medical officers, moved for summary judgment on the basis of qualified immunity. The district court denied that motion, which we now review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On Friday, September 12, 2008, Ronnie Burton ("Burton") was shot in the back of his shoulder by a drive-by shooter and taken by ambulance to the University of Mississippi Medical Center ("UMC") where he was treated.[1] While at UMC, a physician prescribed Burton Percocet for his pain, with instructions to "take one or two every 6 hours as needed." When Burton was released from UMC the next day (Saturday, September 13, 2008), he was taken into custody, and he was booked into Hinds County Detention Facility ("Hinds") in Raymond, Mississippi at approximately 5:10 pm. Burton was released from Hinds on Monday, September 15, 2008 at 4:28 pm, and he has not suffered from any wound infections following his release. According to medical records kept by Hinds personnel, Burton was given 800 milligrams of ibuprofen for pain on the evening of Saturday, September 13, the morning of Sunday, September 14, and the evening of Sunday, September 14. Specifically, the records indicate that Burton was seen by medical officer Shawanda Owens on Saturday evening at 7:15 pm, by medical officer Joyce Simon on Sunday morning at 7:40 am, and by medical officer Mikembe Harris on Sunday evening at 5:00 pm.[2]

On September 9, 2011, Burton filed suit against Sheriff Malcom McMillin, as well as three Hinds medical officers (Shawanda Owens, Joyce Simon, and Mikembe Harris) in Mississippi state court, alleging claims for medical

---

[1] Burton argues that he was shot by law enforcement officers, but the Defendants dispute that fact. Regardless, the identity of the shooter is not relevant to the issues involved in this appeal.

[2] However, in Burton's deposition, his account of the facts differed from that contained in the medical records. According to Burton's deposition testimony, he was not seen by a medical officer on Saturday evening or Sunday morning. Instead, he claimed he was first seen by a medical officer, who changed his bandages and gave him ibuprofen, on "the afternoon of the 14th." He also admitted to having received ibuprofen before going to court on the morning of Monday, September 15, 2008. However, in his brief on appeal, Burton seems to accept the facts as conveyed in the medical records. In any event, because the medical records offer the only evidence that the Defendants were personally involved in the deliberate indifference Burton alleges (substitution of ibuprofen for Percocet), the version of the facts contained therein is the most beneficial to Burton. As such, that is the version we use to evaluate the motion for summary judgment.

deprivation and asserting that he was "denied his prescribed medication" when he was incarcerated at Hinds.  Although Burton does not claim he suffered any physical injuries, such as an infection, he claims he suffered from pain as a result of being denied his prescription medication.  On October 17, 2011, the Defendants removed the case to federal district court.  The district court dismissed Burton's claims against medical officer Harris in her individual capacity because she was not served with a summons during the 120-day time period required by Federal Rule of Civil Procedure 4(m).  With respect to the three remaining defendants, the district court granted Sheriff McMillin's individual capacity motion for summary judgment on the basis of qualified immunity, but denied in part medical officers Owens's and Simon's individual capacity motions for summary judgment.

Defendants Owens and Simon (collectively "the Defendants" or "the Appellants") appealed pursuant to the collateral order doctrine, arguing that the district court erred in denying their motions for summary judgment because as a matter of law they did not violate Burton's constitutional rights.  On appeal, only Burton's claim for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment is at issue.[3]  With respect to that claim, Burton argues that the Defendants violated his constitutional rights by administering 800 milligrams of ibuprofen for his pain, instead of the Percocet he had been prescribed.

---

[3] Because Burton is a pre-trial detainee, his claims are properly analyzed under the Fourteenth Amendment, not the Eighth Amendment.  *Hare v. City of Cornith, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).  However, the choice between the Fourteenth Amendment and the Eighth Amendment does not substantively affect the analysis of the alleged constitutional violation.  We have noted that "no constitutionally relevant difference exists between the rights of pre-trial detainees and convicted prisoners to be secure in their basic human needs." *Id.* at 647.  In turn, when a pre-trial detainee asserts a claim for deprivation of medical care "based on a jail official's episodic acts or omissions," we apply the subjective deliberate indifference standard used in the Eighth Amendment context to evaluate that claim.  *Id.* at 643, 647.

No. 12-60358

## II.  JURISDICTION

Our jurisdiction depends on the district court's basis for denying the Defendants' motion for summary judgment premised on qualified immunity. "A district court's denial of qualified immunity, to the extent that it turns on an issue of law, is an appealable decision under the collateral order doctrine," but "[w]e have no jurisdiction to hear an interlocutory appeal . . . when a district court's denial of qualified immunity rests on the basis that genuine issues of material fact exist."[4]  Although the district court below found that one factual issue—the Defendants' subjective awareness that Burton was still in pain after taking the ibuprofen—was genuinely disputed, its "determination that fact issues were presented that precluded summary judgment does not necessarily deny us jurisdiction over the appeal."[5]  Instead, we may decide the legal issues by "determin[ing] as a matter of law whether [the Defendants] [are] entitled to qualified immunity after accepting all of [the plaintiff's] factual assertions as true."[6]  Here, the Defendants contend that, even when the disputed facts are viewed in Burton's favor, they were not deliberately indifferent to Burton's serious medical needs and as such they are entitled to qualified immunity as a matter of law.  We may exercise appellate jurisdiction to resolve that issue.

## III.  STANDARD OF REVIEW

Ordinarily, we review a district court's denial of summary judgment *de novo*, applying the same standard that governs the district court—Federal Rule of Civil Procedure 56, under which summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as

---

[4] *Michalik v. Hermann*, 422 F.3d 252, 257 (5th Cir. 2005).

[5] *Colston v. Barnhart*, 130 F.3d 96, 98 (5th Cir. 1997).

[6] *Id.* at 98–99.

a matter of law.[7]   Under that standard, "we would reverse the district court's denial of summary judgment if we concluded that the district court found a genuine factual dispute when, on our own review of the record, no such genuine dispute exists."[8]   However, when reviewing a district court's denial of qualified immunity, the standard of review "differs from the standard employed in most appeals of summary judgment rulings."[9] "[I]n an interlocutory appeal, we lack the power to review the district court's decision that a genuine factual dispute exists."[10]   Here, the district court identified one such factual dispute.   It explained: "[T]he medical officers claim that Burton 'never complained' of pain and that if he had complained, he would have been offered more painkillers. Burton contends that he did but to no avail.  Such a dispute regarding a material fact cannot give rise to summary judgment."   Therefore, we do not review the district court's sufficiency of the evidence determination, "but instead [we] consider only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment."[11]  In other words, we have jurisdiction "only to the extent that the appeal concerns the purely legal question whether the defendants are entitled to qualified immunity on the facts that the district court found sufficiently supported in the summary judgment record."[12]

## IV.  DISCUSSION

---

[7] *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991).

[8] *Kinney v. Weaver*, 367 F.3d 337, 348 (5th Cir. 2004) (en banc).

[9] *Id.* at 347.

[10] *Id.* at 348.

[11] *Id.*

[12] *Id.* at 347.

Government officials sued for damages under § 1983 are entitled to qualified immunity, and thus protected from liability for civil damages, as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[13]  Once an official pleads the defense of qualified immunity, the burden shifts to the plaintiff to rebut the defense.[14]  To defeat a government official's claim of qualified immunity, the plaintiff must show facts that (1) make out a constitutional violation, (2) which was clearly established at the time of the defendant's alleged misconduct.[15]  We have discretion to decide which of the qualified immunity prongs should be addressed first.[16]  Here, the Defendants argue that they are entitled to qualified immunity at the summary judgment stage because even when the facts are viewed in his favor, Burton has failed as a matter of law to demonstrate that they were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment.  We agree and thus only decide the first prong of the qualified immunity analysis.

Turning to the particulars of the deliberate indifference standard, a prison official is deliberately indifferent to a pre-trial detainee's serious medical needs in violation of the Fourteenth Amendment if he (1) was subjectively aware of the risk and (2) disregarded the risk by failing to take reasonable measures to abate it.[17]  Because the district court found a genuine dispute of fact with respect to the Defendants' subjective awareness that Burton was in pain despite the ibuprofen he received, we are without power to review that factual determination.  Even

---

[13] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[14] *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

[15] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

[16] *Id.* at 236.

[17] *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

so, we find that Burton has failed as a matter of law to meet the second prong of the deliberate indifference standard, which requires a showing that the official "disregard[ed] [the] risk by failing to take reasonable measures to abate it."[18] To impose liability, "the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"[19] Thus, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."[20] Moreover, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances,"[21] and we have previously found that "the decision whether to provide additional treatment 'is a classic example of medical judgment.'"[22] Here, the evidence in the record, even when viewed in Burton's favor, fails as a matter of law to demonstrate that the Defendants disregarded the risk by failing to take reasonable steps to abate it. Burton has presented no evidence that 800 milligrams of ibuprofen—the prescription-strength medication he received—was less effective than Percocet in dealing with the type of pain he was experiencing. Although this Circuit and others have found that a prison official who refused to provide an inmate with *any* pain treatment, and thus ignored the inmate's complaints of pain, may have

---

[18] *Id.*

[19] *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

[20] *Farmer*, 511 U.S. at 844.

[21] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); s*ee Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs.").

[22] *Domino*, 239 F.3d at 756 (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

acted with deliberate indifference,[23] this is not such a case. This case involves substitution of one prescription pain medication—800 milligrams of ibuprofen—for another—Percocet. With no evidence that such a substitution was unreasonable, we cannot find that the Defendants' actions amounted to a failure to take reasonable measures to abate Burton's pain. Whether the Defendants were responsive to or disregarded Burton's complaints likely depends at least in part on the severity of his gunshot wound and the comparative abilities of ibuprofen and Percocet to manage pain; Burton has not offered evidence as to either of those issues. Therefore, we find the Defendants are entitled to qualified immunity as a matter of law, even when the evidence is viewed in Burton's favor.

Before concluding, we pause to address a late-arriving argument made by Burton's counsel at oral argument. Burton's counsel, relying on the version of the facts contained in Burton's deposition, contended that the Defendants were deliberately indifferent because they did not give Burton any pain medication or medical attention for the first twenty-four to twenty-nine hours that he was detained at Hinds. However, that argument was not raised in Burton's brief on appeal, and as such we may decline to address it.[24] In fact, Burton's brief seemed to embrace the Defendants' account of the facts (as supported by the medical records), providing further evidence that the argument was abandoned on appeal.[25]

---

[23] *See Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006); *Walker v. Benjamin*, 293 F.3d 1030, 1039–40 (7th Cir. 2002); *Boretti v. Wiscomb*, 930 F.2d 1150, 1154 (6th Cir. 1991).

[24] *United States v. Solis*, 299 F.3d 420, 454 (5th Cir. 2002).

[25] Burton's brief on appeal did argue that the Defendants were deliberately indifferent for failing to provide Burton with medication and medical attention during the first two hours he was detained at Hinds, since he was booked at 5:10 pm but, according to medical records, not seen by a medical officer until 7:15 pm. Burton has not put forth evidence that the Defendants were subjectively aware of his pain or medical condition during that short time, and the district court's finding of a factual dispute over subjective awareness only pertained to the Defendants' subjective awareness that Burton continued to be in pain despite the

## V.  CONCLUSION

For the reasons set forth above, we find that the Defendants are entitled to qualified immunity as a matter of law.  As such, we REVERSE the judgment of the district court.

---

ibuprofen he received.  Burton merely asserts that the Defendants as medical officers "were certainly aware" of Burton's medical needs.  Without any evidence of subjective awareness during that short time period, Burton's claim of deliberate indifference fails as a matter of law.