**CORRECTED**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20640
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2014

Lyle W. Cayce
Clerk

ARMANDO GONZALEZ,

Plaintiff-Appellant

v.

FAUSTO AVILA; JAMES W. JONES; LISA D. VATANI; VALERIE J. STEINER,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1017

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Armando Gonzalez, Texas inmate # 01510225, appeals the district court's dismissal of his civil rights suit on summary judgment. Gonzalez sued Fausto Avila, James W. Jones, Lisa D. Vatani, and Valerie Steiner pursuant to 42 U.S.C. § 1983, claiming they were deliberately indifferent to his serious

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20640

medical needs.  We review a summary judgment de novo.  *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).

There is no indication in the record, viewed in the light most favorable to Gonzalez, that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in conduct that clearly demonstrates a wanton disregard for his medical needs.  *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  The defendants were responsive to Gonzalez's medical needs, prescribed medication to treat him, renewed the medicaton when needed, and referred him to a dermatologist. There is no evidence in the record that the defendants' failure to provide the specific size of clotrimazole Gonzalez requested was unreasonable, *cf. Burton v. Owens*, 511 F. App'x 385, 389-90 (5th Cir. 2013), or that defendant Jones deliberately prescribed Gonzalez triamcinolone to harm him.   Prescribing triamcinolone for Gonzalez's condition was medical malpractice at most, and committing malpractice is insufficient to show deliberate indifference.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

In light of the foregoing, the judgment of the district court is AFFIRMED.